J-S65041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN GRANT | |
| Appellant | No. 755 EDA 2015 |

Appeal from the PCRA Order March 3, 2015
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003705-1991

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 10, 2015**

Jonathan Grant ("Appellant"), appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural posture of this case.  Opinion, 9/24/2014, 2-4, 14-16.  Therefore, we have no reason to restate them beyond noting: (1) Appellant filed the instant PCRA petition, his tenth, on October 31, 2014; (2) the petition concerns Appellant's 1992 life sentence for a murder committed in 1991; (3) the PCRA court denied the petition as untimely on March 3, 2015; and (4) Appellant filed a timely notice of appeal on March 16, 2015.

Appellant raises the following issues for our review:

1).  DID THE PCRA COURT ERROR ON DISMISSING PETITIONER'S PCRA PETITION WITHOUT THE BENEFIT OF

PROPERLY CONDUCTING A EVIDENTIARY HEARING TO DETERMINE IF PETITIONER'S PETITION IS RECOGNIZED UNDER Pa.C.S. § 9545(b)(1)(i), A CLAIM WAS RELEVANT TO THE DUE PROCESS OF LAW WITH REGARDS TO A **BRADY'S** VIOLATION THAT LED TO THE FILING OF THIS CLAIM OF THE SAID PETITION, AND THEREFORE, BEING ABLE TO RENDER A FULLY LEGAL OPINION:

2). PETITIONER SHOULD BE GRANTED A NEW TRIAL BECAUSE THE COMMONWEALTH DID WITHHELD PREJUDICIAL INFORMATION AND EVIDENCE OF TWO KEY WITNESSES "JOHN HERIS AND RICHARD YOUNG" IN A SUCCESSFUL LAST MINUTE AMBUSH ON THE DEFENSE WITHOUT GIVEN THE DEFENSE NOTICE SO THAT THE DEFENSE COULD PROPERLY PREPARE A DEFENSE FOR THE DEFENDANT, THUS, DEPRIVED HIM OF A FAIR AND IMPARTIAL TRIAL IN VIOLATION OF THE BRADY DOCTRINE, AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS OF THE UNITED STATES AND PENNSYLVANIA CONSTITUTION, WAS GOVERNMENT INTERFERENCE WHICH CAUSED THE FAILURE OF PETITIONER TO RAISE THESE ISSUES:

3). DID THE PCRA COURT ERROR ON DISMISSING PETITIONER'S PCRA PETITION WITHOUT THE BENEFIT OF PROPERLY CONDUCTING A EVIDENTIARY HEARING TO DETERMINE IF PETITIONER'S PETITION IS RECOGNIZED UNDER Pa.C.S. § 9545(b)(i), GOVERNMENT INTERFERENCE, THAT LED TO THE FILING OF THIS ISSUE OF THE SAID PETITION":

4). GOVERNMENT INTERFERENCE DID OCCUR IN VIOLATION OF COURT ORDERS WHEN FAILURE OF THE COMMONWEALTH TO PRODUCE MATERIAL EVIDENCE FAVORABLE TO THE DEFENDANT WHEN A STRONG PROBABILITY THAT THE RESULT OF DEFENDANT'S APPEAL, AND SUBSEQUENT PCRA ISSUES WOULD HAVE BEEN DIFFERENT IF THE EVIDENCE HAD BEEN PRODUCED:

5). DID PROSECUTING ATTORNEY COMMIT REVERSIBLE ERROR WHEN HE OMITTED FACTS AND ALTERED EVIDENCE FOR THE PURPOSE OF PREVENTING PETITIONER FROM ADVANCING HIS ISSUES AND HAVING THEM DECIDED ON THEIR MERITS IN VIOLATION OF **BRADY** AND HIS CONSTITUTIONAL RIGHT TO A MEANINGFUL APPELLATE REVIEW OF THE UNITED STATES AND PENNSYLVANIA CONSTITUTION AS OPPOSITE ATTORNEYS WITH A RECORD THAT HAD NOT BEEN ALTERED:

6). DID PCRA COURT ERROR BY FAILURE TO RECOGNIZE PETITIONER MEET THE REQUIRED 60 DAYS BECAUSE SAID INFORMATION AND EVIDENCE WAS PRESERVED DURING THE TIME PETITIONER FIRST STARTED REQUESTING IN 1996 FOR SAID EVIDENCE AND INFORMATION:

Appellant's Brief, p. iii (verbatim).[1]

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

We note that, before addressing the merits of an Appellant's claims, we must first consider the timeliness of the PCRA petition because it implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord finality to the collateral review process[,]" the PCRA "confers no

_____

[1] The Commonwealth restates Appellant's claims as follows:

1-6. WHETHER THE PCRA COURT PROPERLY DENIED APPELLANT'S TENTH REQUEST FOR POST-CONVICTION COLLATERAL RELIEF AS HIS PETITION CHALLENGING HIS 1992 CONVICTION FOR FIRST DEGREE MURDER WAS TIME BARRED?

Commonwealth's Brief, p. 1.

authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011).

"It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." ***Hernandez***, 79 A.3d at 651 (*citing* ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa.2000)). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa.Super.2014) (quoting ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa.2010)).

A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the PCRA time bar are met. ***Hernandez***, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008); *see also Commonwealth v. Leggett*, 16 A.3d 1144, 1146 (Pa.Super.2011) ("The petitioner bears the burden to allege and prove [that] one of the timeliness exceptions applies."). Further,

[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted).

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of

justice may have occurred." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251 (Pa.2006). Additionally, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred". ***Commonwealth v. Williams***, 660 A.2d 614, 618 (Pa.Super.1995).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Rea B. Boylan, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. ***See*** PCRA Court Opinion, dated July 30, 2015, p. 8 (finding: (1) Appellant's petition was untimely and Appellant failed to demonstrate entitlement to any of the PCRA's enumerated time-bar exceptions; (2) Appellant's issues were previously raised and litigated in his second, third, fourth, and sixth PCRA petitions; (3) even if not previously litigated, Appellant waived issues by failing to raise them during trial, on direct appeal, or in previous PCRA petitions; and (4) Appellant failed to allege actual innocence in this, his tenth PCRA petition). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/10/2015</u>

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY –
### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :     No. 1991-3705

           : 

       v.                      : 

                             : 

JONATHAN GRANT                  : 

### OPINION

Defendant, Jonathan Grant, appeals the dismissal of his tenth petition pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541 *et seq*. Defendant's PCRA petition was

denied and dismissed because it was untimely filed and all claims were previously litigated or

are deemed waived.

The following is a summary of the relevant facts and procedural history taken from a

prior Opinion:

> On April 15, 1991, the victim, Nora Adderly, a 41-year old woman was found dead by police in an apartment that she shared with her boyfriend, the defendant. Adderly had been shot five times, three times with a pistol and twice with a shotgun. Neighbors from the apartment below heard a man and woman arguing, a woman's scream, and noises that sounded like gunshots. After a bullet came through the ceiling of their apartment and lodged in their mattress, they called the police. Defendant fled the scene of the crime, but was eventually captured and arrested in Savannah, Georgia. He testified at his trial and admitted that he shot the victim. He asserted various defenses including accident, self-defense, diminished capacity, and intoxication.
>
> On January 13, 1992, a jury found Defendant guilty of first-degree murder and related offenses. Defendant was sentenced to life imprisonment for first-degree murder and received concurrent sentences of imprisonment for the remaining charges.
>
> On October 20, 1993, Defendant appealed to the Superior Court challenging the admission of certain evidence and jury instructions. On December 15, 1993, the Superior Court affirmed this Court's judgment of sentence. Defendant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which the Court denied on September 12, 1994.

1

On November 23, 1994, Defendant filed his first PCRA petition, alleging ineffective assistance of trial and appellate counsel. On December 23, 1994, after a hearing on the matter, this Court denied Defendant's first PCRA petition. On October 27, 1995, the Superior Court affirmed this Court's judgment. Defendant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which the Court denied on May 8, 1996.

On December 6, 1996, Defendant filed his second PCRA petition alleging prosecutorial misconduct in the post-conviction process and ineffective assistance of counsel. On December 23, 1996, Defendant's second PCRA petition was denied and dismissed without a hearing. On February 18, 1998, the Superior Court affirmed this Court's judgment.

On October 14, 1998, Petitioner filed his third PCRA petition alleging ineffective assistance of counsel, violation of constitutional rights, and prosecutorial misconduct. On November 13, 1998, Defendant's third PCRA petition was denied and dismissed without a hearing. On September 23, 1999, the Superior Court affirmed this Court's judgment.

On October 23, 2002, Defendant filed his fourth PCRA petition alleging prosecutorial misconduct. On November 14, 2002, Defendant's fourth PCRA petition was denied and dismissed without a hearing. On August 28, 2003, the Superior Court affirmed this Court's judgment. Defendant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which the Court denied on February 20, 2004.

On February 23, 2007, Defendant filed his fifth PCRA petition alleging interference of government officials, ineffective assistance of counsel, and denial of the right to counsel. On March 5, 2007, Defendant's fifth PCRA petition was denied and dismissed without a hearing. On November 14, 2007, the Superior Court affirmed this Court's judgment. Defendant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which the Court denied on June 26, 2008.

On July 28, 2008 and February 4, 2009, Defendant filed his sixth PCRA petition alleging prosecutorial misconduct, ineffective assistance of counsel, and denial of the right to counsel. On August 6, 2009, Defendant's sixth PCRA petition was denied and dismissed without a hearing. On March 9, 2010, the Superior Court affirmed this Court's judgment.

On March 19, 2010, Defendant filed his seventh PCRA petition alleging newly discovered evidence and governmental interference. On July 15, 2010, Defendant's seventh PCRA petition was denied and dismissed without a hearing. Defendant did not file an appeal to the Superior Court.

On January 5, 2011, Defendant filed [his eighth PCRA petition alleging] governmental interference and ineffective assistance of counsel. ... On March 24, 2011, this Court denied and dismissed Defendant's eighth PCRA petition without a hearing.

Trial Court Opinion, 6/15/11. On November 1, 2011, the Superior Court affirmed this Court's judgment. Defendant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on April 5, 2012.

On December 24, 2012, Defendant filed "Petitioner's Petition Under the Post Conviction Relief Act at No. 3705 of 1991," his ninth PCRA petition. On April 26, 2013, this Court denied and dismissed Defendant's ninth PCRA petition without a hearing. On May 8, 2013, Defendant filed a Notice of Appeal to the Superior Court. The Superior Court affirmed this Court's decision on May 22, 2014.

On October 31, 2014, Defendant filed his tenth PCRA petition. On February 4, 2015, this Court issued a Notice of Intent to Dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907. On February 23, 2015, Defendant filed "Defendant's Petition in Respond to the Commonwealth's Notice of Intention to Dismiss Under PA Rule 907." On March 3, 2015, this Court denied and dismissed Defendant's tenth PCRA petition without a hearing. On March 16, 2015, Defendant filed a Notice of Appeal to the Superior Court.

On April 13, 2015, Defendant filed a Concise Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.) 1925(b), raising the following issues on appeal, *verbatim*:

1. Did the PCRA court error on dismissing Petitioner's PCRA petition without the benefit of properly conducting a evidentiary hearing to determine if Petitioner's petition is recognized under Pa.C.S. § 9545 (b)(1)(i), a claim was relevant to the due process of law with regards to a Brady's violation that led to the filing of this claim of the said petition, and therefore, being able to render a fully legal opinion:

3

2. Petitioner should be granted a new trial because the Commonwealth did withheld prejudicial information and evidence of two key witnesses "John Heris and Richard Young" in a successfully last minute ambush on the defense without given the defense notice so that the defense could properly prepare a defense for the defendant, thus, deprived him of a fair and impartial trial in violation of the Brady Doctrine, and Fourteenth Amendment Rights to Due Process of the United States and Pennsylvania Constitution, was Government interference with caused the failure of Petitioner to raise these issues:

3. Did the PCRA court error on dismissing Petitioner's PCRA petition without the benefit of properly conducting a evidentiary hearing to determine if Petitioner's petition is recognized under Pa.C.S. § 9545 (b)(1)(i), Government Interference, that led to the filing of the issue of said petition:

4. Government Interference did occur in violation of court orders when failure of the Commonwealth to produce material evidence favorable to the Defendant when a strong probability that the result of defendant's appeals, and subsequent PCRA issues would have been different if the evidence had been produced:

5. Did prosecuting Attorney commit reversible error when he omitted facts and altered evidence for the purpose of preventing Petitioner from advancing his issues and having them decided on their merits in violation of Brady and his Constitutional right to a meaningful Appellate review of the United States and Pennsylvania Constitution as opposite attorneys with a record that had not been material altered:

6. Did PCRA court error by failure to recognize Petitioner meet the required 60 days because said information and evidence was persevered during the time Petitioner first started requesting in 1996 for said evidence and information:

Defendant's instant PCRA petition was denied and dismissed without a hearing because (1) it was filed more than one year after the judgment of sentence became final; (2) Defendant has failed to raise any statutory exception to the time bar to permit its review; and (3) all of the issues raised have been previously litigated or are deemed waived.

The standard of review upon the appeal from the denial of PCRA relief is whether or not the PCRA court's findings are supported by the record and are free of legal error. Commonwealth v. Abu-Jamal, 833 A.2d 719, 723 (Pa. 2003), cert. denied, 541 U.S. 1048

4

(2004). To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

    (i)    Currently serving a sentence of imprisonment, probation or parole for the crime;

    (ii)    Awaiting execution of a sentence of death for the crime; or

    (iii)    Serving a sentence which must expire before the person may commence serving the disputed sentence.

(2) That the conviction or sentence resulted from one or more of the following:

    (i)    A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;

    (ii)    Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;

    (iii)    A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent;

    (iv)    The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court;

    (v)    [Deleted]

    (vi)    The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced;

    (vii)    The imposition of a sentence greater than the lawful maximum; and/or

(viii)   A proceeding in a tribunal without jurisdiction.

42 Pa. C.S. § 9543(a)(1-2).  Moreover, a defendant must plead and prove that an allegation of

error has not been previously litigated or waived.  42 Pa. C.S. § 9543(a)(3).  Section 9544

defines "previous litigation" and "waiver" and provides:

> (a) An issue has been previously litigated if:
>
> > (1) Deleted.
> >
> > (2) The highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or
> >
> > (3) It has been raised and decided in a proceeding collaterally attacking the conviction or sentence.
>
> (b) An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state postconviction proceeding.

42 Pa. C.S. § 9544.

Pursuant to the 1995 amendments to the PCRA, any PCRA petition must be filed within

one year of the date that the defendant's judgment of sentence becomes final.  42 Pa. C.S. §

9545(b)(3).  If the judgment became final before the effective date of the amendments, a first

petition must be filed within one year of that effective date (January 15, 1996).  42 Pa. C.S. §

9545(b).  A judgment becomes final at the conclusion of direct review, including discretionary

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at

the expiration of time for seeking the review.  42 Pa. C.S. § 9545(b)(3).

The one-year time limitation is jurisdictional and a court has no power to address the

substantive merits of an untimely petition.  Abu-Jamal, 833 A.2d at 723-24.  This time restriction

is strictly construed.  Commonwealth v. Abu-Jamal (II), 941 A.2d 1263, 1268 (Pa. 2008); cert.

denied 555 U.S. 916 (2008).  Our Supreme Court has held that "the PCRA places time

6

limitations on such claims of error, and in so doing, strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction." Commonwealth v. Peterkin, 722 A.2d 638, 643 (Pa. 1998).

There are three exceptions to the one-year filing requirement. A defendant's petition is not untimely if he can prove one of the following exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; and/or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S. § 9545(b)(1)(i-iii). Any petition asserting one of these exceptions must also establish that the exception was raised within sixty days of the date the claim could have first been presented. 42 Pa. C.S. § 9545(b)(2). A petitioner can excuse his untimely petition to the one-year limitation only if he is able to specifically plead and demonstrate to the court that one of these three exceptions applies. Commonwealth v. Palmer, 814 A.2d 700, 706 (Pa. Super. 2002) referencing Commonwealth v. Beasley, 741 A.2d 1258 (Pa. 1999). Requests for review of a second or subsequent post-conviction petition will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. Palmer, 814 A.2d at 709 referencing Commonwealth. v. Lawson, 549 A.2d 107 (Pa. 1988).

7

Here, Defendant's petition is untimely as it does not satisfy the standard set forth above. Defendant's judgment of sentence became final on December 12, 1994 and he had one year from that date, December 12, 1995, to file a PCRA petition. Pa. R.A.P. 903; U.S. Sup. Ct. R. 13.1; 1 Pa. C.S.A. § 1908.[1] Defendant did not file the instant petition until October 31, 2014, which is well beyond the one-year time limitation, and Defendant has not demonstrated one of the three exceptions enumerated above. Consequently, this Court does not have the authority to rule on the merits of an untimely petition. Commonwealth v. Valentine, 928 A.2d 346, 349 (Pa. Super. 2007).

Defendant has previously raised the issues of constitutional violations and prosecutorial misconduct in his second, third, fourth, and sixth PCRA petitions. Accordingly, the issues raised in the instant petition were previously litigated. See 42 Pa. C.S. § 9544(b), supra. Even if Defendant raised issues not previously litigated, any remaining issues are waived for failure to raise these issues during trial, on appeal, or in a prior PCRA petition. Further, Defendant fails to allege his innocence in the petition. For these reasons, Defendant is not entitled to the relief sought and his PCRA petition was dismissed.

DATE:

July 30, 2015

BY THE COURT,

REA B. BOYLAN, J.

---

[1] Although there is a grace period for filing petitions in cases where the judgment of sentence was final prior to the effective date of the time bar, there is no such period for second or subsequent petitions. Commonwealth v. Crews, 863 A.2d 498, 501 (Pa. 2004).

8

Copies sent to:

Karen Diaz, Esq.
Bucks County District Attorney's Office
55 East Court Street
Doylestown, PA 18901
  *Counsel for the Commonwealth*

Jonathan Grant, BT0945
SCI-ALBION
10745 Route 18
Albion, PA 16475-0001
  *Defendant*